UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LYNN LOWE,

        Plaintiff,

        v.

UNUM LIFE INSURANCE COMPANY OF AMERICA dba UNUMPROVIDENT; DOES 1 through 100, inclusive,

        Defendant .

NO. CIV. S-05-00368 WBS GGH

ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & COSTS

----oo0oo----

        Plaintiff Lynn Lowe filed this lawsuit seeking recovery of disability benefits under an employee welfare benefit plan established by her employer and insured by defendant Unum Life Insurance Company of America. The benefit plan is subject to, and governed by, the provisions of the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. § 1001, et seq. In May 2005, the parties stipulated to a stay of this action pending

1

defendant's reassessment of plaintiff's claim under defendant's nation-wide Regulatory Settlement Agreement (RSA). At the conclusion of the reassessment, defendant reversed its prior decision and began immediate payment of plaintiff's benefits--thereby concluding this action. Plaintiff now moves for an award of attorney's fees and costs associated with the litigation.

I.   29 U.S.C. § 1132(g)(1) and "Prevailing Party"

ERISA provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  This particular section should be read broadly to mean that a plan participant or beneficiary, if he or she is able to enforce his or her rights under his plan, "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Canseco v. Constr. Laborers Pension Trust, 93 F.3d 600, 609-10 (9th Cir. 1996).

Because this action concluded when defendant proceeded to pay plaintiff under her insurance policy, defendant contends that plaintiff failed to achieve the status of a "prevailing party" and therefore cannot be awarded attorney's fees under § 1132(g)(1).  There is no requirement, however, that a party must be a "prevailing party" to recover attorney's fees under § 1132(g)(1). See Gibbs v. Gibbs, 210 F.3d 491, 503 (5th Cir. 2000) (concluding that a party need not prevail to be eligible for an award of attorney's fees under § 1132(g)(1) because any language relating to a prevailing party is "conspicuously absent"

2

although Congress has often used this language in other fee-shifting statutes); Trs. of the E. States Health & Welfare Fund v. Crystal Art Corp., No. 00 Civ. 0887 (NRB), 2004 U.S. Dist. LEXIS 8932 at *11 (S.D.N.Y. May 19, 2004) ("prevailing party" analysis is not relevant to a fee award under § 1132(g) because the statute, "by its terms, does not limit fee awards to prevailing parties" and "does not include the term 'prevailing party'"); aff'd., 132 Fed. Appx. 390 (2d Cir. May 27, 2005).

The Ninth Circuit has not definitively stated whether a party must "prevail" under § 1132(g)(1) to warrant attorney's fees. Compare D'Emanuele v. Montgomery Ward & Co., 904 F.2d 1379, 1383 (9th Cir. 1990) overruled on other grounds by Burlington v. Daque, 505 U.S. 557, (1992) ("Unlike the attorney's fee provision of 42 U.S.C. § 1988 . . . ERISA does not limit attorney's fees to a 'prevailing party'") and Sokol v. Bernstein, 812 F.2d 559, 561 (9th Cir. 1987) (criteria used to determine whether an ERISA party is entitled to an award of attorney's fees under § 1132(g)(1) "do[es] not rely on the prevailing-party doctrine") with McElwaine v. US West, Inc., 176 F.3d 1167, 1171 (9th Cir. 1999) ("29 U.S.C. § 1132(g)(1) . . . authorizes discretionary attorney's fees to plan participants who prevail in an ERISA action.").[1]  Accordingly, this court will not require

---

[1] Even recent Ninth Circuit decisions favoring "prevailing party" status nonetheless recognize, at most, only a modest inclination that such status is indeed a prerequisite to an award of attorney's fees under § 1132(g)(1). See, e.g., Hamilton v. Wash. State Plumbing & Pipefitting Indus. Pension Plan, 433 F.3d 1091, 1104 (9th Cir. 2006) ("Under 29 U.S.C. § 1132(g), a court may, in its discretion, award attorney's fees and costs to either party; however, attorney's fees and costs under § 1132(g) are ordinarily recovered by the prevailing

3

that plaintiff demonstrate "prevailing party" status to merit an award of attorney's fees.

## II. Discretion to Award Attorney's Fees

The Ninth Circuit has established a five-factor test to determine whether a court should exercise its discretion to award attorney's fees under § 1132(g)(1). The court should consider (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980). "No one of the Hummell factors, however, is necessarily decisive, and some may not be pertinent in a given case." Carpenters S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410, 1416 (9th Cir. 1984) ("Russell"). The factors require a balancing of the equities, and the court need not find that each one supports an award of fees in granting such relief. Elwain McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir.1999).

Here, the court finds no bad faith by defendant. Defendant's conduct toward plaintiff, however, bears many similarities to the improper practices detailed in the RSA

---

party") (internal quotations omitted). Thus, while stating that awards of attorney's fees are appropriate for prevailing parties in ERISA actions, the Ninth Circuit has not foreclosed the ability of non-prevailing parties to obtain an award of fees.

4

report. (Regulatory Settlement Agreement, Sec. A ("Recitals").) Thus, while this court declines to find bad faith, it concludes that the absence of bad faith does not weigh strongly against awarding attorney's fees. See Frei v. Hartford Life Ins. Co., No. 05-01191, 2006 U.S. Dist. LEXIS 34784 at *11 (N.D. Cal. May 23, 2006) ("There has been no finding or showing of bad faith, so this factor is not decisive and is, at most, neutral.").

Defendant does not contest that it is capable of satisfying an award of fees. (Def.'s Opp'n to Pl.'s Mot. for Att'y's Fees 4.) Therefore, the second factor weighs in favor of such an award.

The third factor, the deterrent effect of an award on other persons in similar circumstances, also weighs in favor of granting attorney's fees. Defendant argues that there is no evidence that an attorney's fee award in the instant action will encourage it to further evaluate its claims handling practice. (Id.) However, a fee award would likely deter defendant and other disability benefit plan administrators from misinterpreting policy language or eligibility, or would at least make them more careful in their interpretation and application in disability benefits cases. See Russell, 726 F.2d at 1416 ("If defendant employers face the prospect of paying attorney's fees for successful plaintiffs, they will have added incentive to comply with ERISA.").

The fourth factor similarly weighs in favor of an award of attorney's fees. While plaintiff's motivation in bringing the claim was rooted in her desire to recover her own benefits, others subject to policies or denials similar to the one at issue

in this case will likely benefit.

The final factor, the relative merits of the parties' positions, also favors a fee award because, as mentioned above, the result of the litigation-induced reassessment effectively vindicated plaintiff's rights to her disability benefits. Thus, on balance, the Hummell factors confirm that plaintiff is entitled to a fee award.

III. Amount of Attorney's Fees

The Ninth Circuit has adopted the hybrid lodestar/multiplier approach for determining reasonable fees in an ERISA action. Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)). First, a court calculates the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley, 461 U.S. at 433. The party seeking an award must submit evidence supporting the hours worked and the rates requested--and a district court should exclude from the lodestar amount hours that are "excessive, redundant, or otherwise unnecessary." Id. at 434.

Second, the court may adjust the award upward or downward using a "multiplier" based on the Kerr factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

1  Morales v. City of San Rafael, 96 F.3d 359, 364 n.8 (9th Cir.
2  1996) (citing Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70
3  (9th Cir. 1975)).  Many of the Kerr factors have been subsumed in
4  the lodestar approach.  Id. (citing Cunningham v. County of Los
5  Angeles, 879 F.2d 481, 487 (9th Cir. 1988)).  Moreover, while the
6  court should consider the factors established by Kerr, it need
7  not discuss each factor.  Sapper v. Lenco Blade, Inc., 704 F.2d
8  1069, 1073 (9th Cir. 1983).  Under federal law, there is a strong
9  presumption that the lodestar amount is reasonable--only in rare
10 instances should it be adjusted based on other factors.  Morales,
11 96 F.3d at 363 n.8; Fischer v. SJB-P.D., Inc., 214 F.3d 1115,
12 1119 n.4 (9th Cir. 2000).

    A.   Hours Reasonably Expended

             An attorney in an ERISA action may recover fees for
services provided in conjunction with litigation, including costs
prior to filing the complaint.  Dishman v. UNUM Life Ins. Co. of
Am., 269 F.3d 974, 987 (9th Cir. 2001).  In addition, a party can
recover fees for work done by paralegals.  Trustees of Const.
Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460
F.3d 1253, 1256-57 (9th Cir. 2006).  However, a party may not
recover for services provided in relation to the administrative
proceedings required to exhaust administrative remedies.
Dishman, 269 F.3d at 987 n.51 (citing Cann v. Carpenters Pension
Trust Fund for N. Cal., 989 F.2d 313, 314 (9th Cir. 1993)).
The party seeking fees bears the burden of submitting evidence to
support their request.  Hensley v. Eckerhart, 461 U.S. 424, 434
(1983).

             Plaintiff's counsel presents an itemized list totaling

43.5 hours of attorney work and 49.5 hours by paralegals. (Hendricks Decl. Ex. 1.)  Defendant challenges the reasonableness of the amount of time spent on preparing the complaint as well as a variety of entries that it contends are unwarranted and/or unreasonably duplicative. (Def.'s Opp'n to Pl.'s Mot. for Att'y's Fees 6.)

    1. <u>Excessive Hours</u>

    On August 29, 2004, plaintiff's counsel billed five (5) hours to "prepare complaint."  Defendant argues that five hours is unreasonable and excessive because plaintiff "filed a 'form' complaint in State Court, which required only the checking of a couple of boxes and entry of less than a half dozen lines of text." (<u>Id.</u> at 6.)  Plaintiff does not provide further detail explaining why a form complaint took five hours, nor does plaintiff object to defendant's recommendation that preparation took, at most, two hours.  The court agrees that spending five hours on a form complaint is excessive, and accordingly will reduce this amount to two hours.[2]

    2. <u>Duplicative Entries</u>

    Defendant draws the court's attention to two duplicative entries.  On March 26, 2007, two entries of thirty minutes each are listed for "Electronic Filing."  On September 19, 2007, four entries appear for fifteen minutes each with the

---

[2] Additionally, plaintiff's counsel billed his client 4.5 hours to prepare this motion for fees and costs. Considering that the motion is three pages long (which includes his memorandum of points and authorities as well as his declaration in support of the motion) and cites a total of three cases, this billing request is also deemed excessive and will also be reduced to two hours.

8

explanation, "Email from Defense in regarding Attorney Fees." Lastly, on September 20, 2007, two more emails for thirty minutes each appear with the same explanation, "Email from Defense in regarding Attorney Fees." Plaintiff offers no explanation as to why the duplicative entries appear and does not represent that different tasks were performed for the entries. Therefore, the court will only include one charge for each of the three duplicative entries (reducing the total amount by one hour of attorney time and thirty minutes of paralegal time).

### 3. Insufficient Descriptions

Defendant objects to plaintiff's sixty-one entries for "monthly file review," which are billed at fifteen minutes by counsel and the paralegal. The court agrees with defendant that these entries are inadequate and fail to memorialize what, if anything, counsel and his paralegal did each month that they "reviewed" the file, especially during the two years this case was stayed. See Wininger v. SI Management L.P., 301 F.3d 1115, 1126 (9th Cir. 2002) (asserting that such brevity "patently fall[s] short of the requirement" that "[t]he party petitioning for attorneys' fees bears the burden of submitting detailed time records justifying the hours claimed to have been expended"). The court will exclude all "monthly file review" entries from the total fee (reducing the total amount by 7.75 hours of attorney time and 7.5 hours of paralegal time).

Plaintiff has six additional entries dealing with plaintiff's "review" of the file (e.g., "review and notation of file;" "review and notation of file regarding records;" "file review and analysis;" and "review of file"). Again, these

9

entries fail to establish what counsel's purpose was for reviewing the file and what counsel's client gained by the review.  Because plaintiff has the burden to sufficiently document the time spent, the court will not award this time (reducing the total amount by fifteen minutes of attorney time and 1.25 hours of paralegal time).

Plaintiff also has four entries relating to "paperwork."  Plaintiff does not offer any explanation as to the relevance of the paperwork and, because many of plaintiff's entries deal with matters not related to this case (discussed below), such entries provide insufficient information.  The total time will be reduced by the 1.5 paralegal hours spent on such "paperwork."

### 4.   Unrelated Matters

Plaintiff has two entries described as "opting in or out of class."  It does not appear that these entries have anything to do with this case.  The court will not award the thirty minutes of lawyer time spent on this task.

Plaintiff also has seven entries regarding client's Social Security benefits.  While these services may be billable to the client, defendant contends, and plaintiff does not state otherwise, that Social Security benefits were not related to plaintiff's ERISA claim.  The time will be reduced by the 2.25 hours of paralegal time spent on Social Security benefits.

Similarly, plaintiff has seven entries regarding communications with Sutter Health, which does not appear to have any relation to this case.  While one entry deals with substituting Doe 1 for Unumprovident Sales Agent to Sutter Heath,

10

the court's docket does not reveal this motion by plaintiff and counsel does not contend that this work is related to this case. The time will be reduced by the thirty minutes of attorney time and 2.5 hours of paralegal time spent on this task.

Plaintiff also lists four entries dealing with plaintiff's claim for worker's compensation benefits, which again have no apparent relation to this case. The time will be reduced by the fifteen minutes of attorney time and 1.25 hours of paralegal time spent on this task.

5.   Unnecessary Charges

Defendant further objects to plaintiff's entry for drafting a request for production of documents while this action was stayed and while no discovery was occurring. Plaintiff does not provide an explanation for the entry and such a request was never served on the defendant. The court will deduct the fifteen minutes of attorney time spent on this task.

6.   Reassessment

In Cann v. Carpenters' Pension Trust Fund for N. Cal., 989 F.2d 313 (9th Cir. 1993), the Ninth Circuit construed § 1132(g)(1) as "limiting the fee award to fees incurred in the litigation in court." Id. at 316. The court found that because the word "action" in its usual legal sense means "a suit brought in a court; a formal complaint within the jurisdiction of a court of law," and "includes all the formal proceedings in a court of justice attendant upon the demand of a right . . . in such court . . . ." Black's Law Dictionary 26 (5th ed. 1983), then Congress must have selected the word "action" to designate only proceedings in court, not proceedings such as those employed in

11

the RSA reassessment process--even though admittedly necessary and valuable. Id. (citing Gates v. Columbia-Knickerbocker Trust Co., 233 F. 359, 362 (9th Cir. 1916)).

Here, defendant correctly asserts that the reassessment of plaintiff's claim under the RSA took place while on stay from actual in-court litigation. Therefore, the entries on 5/06/05, 5/16/05, 9/07/06 ("research on consent decree from State of CA"), 9/15/06 ("updated letter to client with copies of forms to sign for Unum"), 10/20/06, 1/10/07, 2/01/07, 4/09/07, and 4/11/07, relating to the reassessment, will be not be considered in calculation of the award.

### 7. Quarter Hour Minimums

Plaintiff's fee petition also reflects the use of quarter-hour or fifteen minute minimums for all tasks. "The Ninth Circuit has affirmed an across the board reduction of attorney's fees when services were billed on the quarter hour without proper specificity." Smith v. CitiFinancial Retail Servs, No. 06-2966, 2007 U.S. Dist. LEXIS 58723 at *8 (N.D. Cal Aug. 2, 2007) (citing Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948-49 (9th Cir. 2007)). This is because the use of quarter hour minimums can easily lead to billing abuses. See Welch, 480 F.3d at 949 ("The court found the hours were inflated because counsel billed a minimum of 15 minutes for numerous phone calls and e-mails that likely took a fraction of the time. Our own review of the time sheet confirms that it is replete with quarter-hour or half-hour charges for the drafting of letters, telephone calls and intraoffice conferences.")

Here, plaintiff's submitted fee petition includes

12

multiple fifteen minute minimums for tasks as menial as receiving faxes, generating automated emails, engaging in various telephone calls, etc., without appropriate explanation validating the time spent on each. Because plaintiff's record of hours worked is replete with quarter-hour and half-hour charges for such tasks, the court finds that an across-the-board reduction of ten percent (10%) of plaintiff counsel's requested hours is appropriate. See id. at 948-49 (affirming an across-the-board reduction of twenty percent (20%) where quarter-hour billing resulted in inflated hours).

B.   Reasonable Rate

To determine the reasonableness of hourly billing rates, the court looks to the prevailing market rates in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. Blum v. Stenson, 465 U.S. 886, 895 (1984); Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986). Under federal law, the relevant community is the forum in which the district court sits, as opposed to where counsel is located. Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997).

Plaintiff seeks a rate of $250 per hour for her attorney's work and $75 per hour for paralegal time.[3] Defendant asks this court to lower opposing counsel's rate to $200 per hour. Where a plaintiff submits affidavits regarding prevailing

---

[3] In his declaration, Mr. Hendricks states that the "firm's paralegals are billed at $75." However, the itemized bill charged $100 per hour for the paralegals. The court will rely on Mr. Hendricks' declaration as to the paralegals' billing rate.

13

rates in the community, the Ninth Circuit has implied that defendants cannot simply disagree with this evidence, but should "support their arguments with any affidavits or evidence of their own regarding legal rates in the community." See <u>United Steelworkers of Am. v. Phelps Dodge Corp.</u>, 896 F.2d 403, 407 (9th Cir. 1990). In this case, however, plaintiff did not offer any evidence about the prevailing rate in the community. The defendant, on the other hand, only cited a single case, but provides no affidavits or persuasive legal authority. <u>Welch v. Metropolitan Life Ins. Co.</u>, 2004 U.S. Dist. LEXIS 28576, #13 (C.D. Cal. 2004) (finding that a rate of $250.00 per hour was reasonable for an <u>experienced ERISA attorney</u>) (emphasis added).

The only information plaintiff offered this court is a statement from plaintiff's counsel that he has practiced law for thirteen years and is the Managing Attorney for his firm's disability department. He states that he has argued over 1,300 Social Security Disability hearings, filed district court complaints to overturn Social Security final administrative determinations, and bills at $250 for his hourly rate. Plaintiff's counsel does not, however, state that he has ever handled a single ERISA case prior to this one. Further, in the itemized bill attached, he billed his time at $200.00 per hour, not the $250.00 he stated in his declaration. The lack of information about plaintiff's counsel's ERISA experience and the fact that his time was actually billed at $200 per hour persuades this court that $200 per hour is a reasonable hourly fee for his

services.[4]

C. <u>Costs</u>

In an ERISA action, courts may award "only the types of 'costs' allowed by 28 U.S.C. § 1920, and only in the amounts allowed by section 1920 itself, by 28 U.S.C. § 1821 or by similar such provisions." <u>Agredano v. Mutual of Omaha Cos.</u>, 75 F.3d 541, 544 (9th Cir. 1996). In his declaration, plaintiff's counsel requests costs in the amount of $340.80 for the filing of the complaint and court motions. (Hendricks Decl. ¶ 3.) Defendant does not oppose this amount in its opposition, and therefore the court will award the requested costs.

IV. <u>Conclusion</u>

In accordance with the foregoing discussion, attorney's fees and litigation expenses are awarded in the following amounts:

Mr. Hendricks:

    43.5 hrs -(16.25)          x     $200/hr  = $5,450.00 +

Paralegal:

    49.5 hrs -(16.75)          x     $75/hr   = $2,456.25 -

Ten Percent (10%) Reduction:

    $7,906.25                   x     .10     = $790.63  +

---

[4] Defendant also contends that plaintiff's counsel had a contingency fee agreement with plaintiff, and thus requests this court deny an award that would amount to a "double recovery of fees." (Def.'s Mem. in Opp'n. to Pl.'s Mot. for Att'y's Fees 10:20-24.) However, a district court may not rely on a contingency agreement to increase or decrease what it determines to be a reasonable attorney's fee. <u>Van Gerwen v. Guarantee Mut. Life Co.</u>, 214 F.3d 1041, 1048 (9th Cir. 2000)

```
Costs:
                                        =  $340.80
                                          --------------
                                  TOTAL    $7,456.42
```

IT IS THEREFORE ORDERED that plaintiff's motion for attorneys' fees and costs be, and the same hereby is, GRANTED, in the amount of $7,115.62.

DATED: December 13, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

16